IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re : Chapter 11
: 
Quantason, LLC : Case No. 14-10932 (PJW)
: 
       Debtor. : Hearing Date: T.B.D.
: Obj. Deadline: T.B.D.
------------------------------------------------------------x

**MOTION OF THE DEBTOR FOR AN ORDER
THAT AN OFFICIAL COMMITTEE OF
<u>UNSECURED CREDITORS NOT BE APPOINTED</u>**

      Quantason, LLC (the "<u>Debtor</u>"), by and through its proposed undersigned attorneys, hereby submits this motion (the "<u>Motion</u>") for entry of an order that an official committee of unsecured creditors not be appointed. In support of this Motion, the Debtor respectfully represents as follows:

**<u>JURISDICTION AND VENUE</u>**

      1.    The Court has jurisdiction over the Debtor, its estate, and this matter. <u>See</u> 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409. The statutory basis for this Motion is section 1102(a)(3) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

**<u>BACKGROUND</u>**

      2.    On April 23, 2014, the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code as a small business debtor, thereby implementing the procedures designed to streamline the bankruptcy process for smaller businesses like the Debtor's.

3. The Debtor is a technology company focused on developing, licensing and commercializing products utilizing its proprietary Image-based Dynamic Ultrasound Spectrography "IDUS™" platform technology and systems for breast cancer screening and prevention.

4. As a product development stage technology device company, the Debtor currently has no products approved for sale in any jurisdiction. Thus, throughout its brief history of operations, it has unsurprisingly incurred significant operating losses as it incurred costs associated with developing its technology. As a result, the Debtor is seeking to sell its assets within a few months of the commencement of this case and to comply with the small business provisions of the Bankruptcy Code, for among other reasons, because the Debtor has limited resources and cannot afford to fund extensive administrative expenses in this case.

## RELIEF REQUESTED

5. The Debtor hereby requests that the Court enter an order, substantially in the form attached as Exhibit A, pursuant to section 1102(a)(3) of the Bankruptcy Code that an official committee of unsecured creditors not be appointed in this case.

## BASES FOR RELIEF

6. The Debtor in this case has elected to proceed as a small-business debtor.[1] Section 1102(a)(3) of the Bankruptcy Code provides that "[o]n request of a party in interest in a

---

[1] Section 101(51D)(A) of the Bankruptcy Code defines a small business debtor to mean:

> a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,490,925 (excluding debts owed to 1 or more affiliates or insiders) for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor

case in which the debtor is a small business debtor and for cause, the court may order that a committee of creditors not be appointed." 11 U.S.C. § 1102(a)(3).

7. The Bankruptcy Code does not define what constitutes "cause" under section 1102(a)(3), however, it is understood to be "a flexible standard allowing the court to take into account all of the relevant facts and circumstances." 7 COLLIER ON BANKRUPTCY ¶ 1102.04[2] (16th ed. 2011).

8. While there is little case law addressing the issue, and it appears that no court has developed a firm test for determining whether "cause" exists under section 1102(a)(3), at least one reported decision has considered the issue. See In re Haskell-Dawes, Inc., 188 B.R. 515 (Bankr E.D. Pa. 1995) (finding that neither the Bankruptcy Code, nor the legislative history is helpful in determining what constitutes cause, and, therefore, "no standard exists. . ..").

9. While the Haskell-Dawes court determined the debtor had not established cause to preclude appointment of a committee, its facts were different than those in this case. See Haskell-Dawes,188 B.R. at 518. In Haskell-Dawes, the Debtor was a manufacturing company with over 65 creditors holding unsecured non-priority claims, the majority of which were owed on account of small trade debt. Id. Here, the Debtor's Schedule F lists only 9 claims, 4 of which are de minimus. See Schedule F [D.I. 9]. Of the remaining 5 claims, 3 are held by officers or former officers of the Debtor, and these 3 claims on aggregate represent over 95% of the Debtor's unsecured debt. Id. The large claims are held by sophisticated creditors who should be sufficiently interested and capable of acting on their own behalf during the pendency of this case, without the need to appoint a committee.

10. Moreover, as discussed in greater detail in the Rambod Declaration [D.I. 6], the Debtor's financial situation is beyond precarious. It cannot afford an extended stay in chapter 11, nor can it afford to employ estate professionals, except those who are absolutely necessary.

The appointment of a committee, and its possible retention of various professionals would create substantial costs, all of which would be payable from and diminish the proceeds of the Debtor's estate. The Debtor's creditors would see no added benefit that justifies initiating such a diminution.

11. Finally, the other significant party in interest in this case, the shareholders that participated at the February 28, 2014 mediation, are represented by counsel in this case and such counsel is kept informed of the matters related to this case and the pleadings related thereto. Further, such counsel is aware of, and supports the Debtor's request to not have a committee appointed in this case.

12. The need for a committee in this case is further obviated by the additional oversight by the United States Trustee and the expanded reporting requirements that stem from the Debtor's election to proceed as a "small business debtor," these requirements are specifically designed to protect unsecured creditors in this type of case. See 28 U.S.C. § 586(a)(3) and (7) (imposing additional monitoring requirements on the United States Trustee in small business cases); and 11 U.S.C. § 308(b) (imposing additional reporting requirements on small business debtors).

13. These additional reporting requirements, combined with the small and sophisticated make-up of the Debtor's creditor body are sufficient to protect the interests of the unsecured creditors in this case. Therefore, the appointment of a committee of unsecured creditors would be unnecessary in this case and this Court should enter an order that one not be appointed.

## **NOTICE**

14. Notice of this Motion shall be provided to the following: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the creditors identified on the

creditor list required by Bankruptcy Rule 1007(d); (c) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order, substantially in the form attached as Exhibit A, (i) granting the relief requested by this Motion and (ii) granting such other and further relief as the Court may find just and equitable.

Dated: April 28, 2014
       Wilmington, Delaware

Respectfully submitted,

/s/ R. Craig Martin\
R. Craig Martin (5032)
Daniel N. Brogan (5723)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@dlapiper.com
       daniel.brogan@dlapiper.com

-and-

Kimberly D. Newmarch (DE 4340)
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: kim.newmarch@dlapiper.com

PROPOSED ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION