IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re                                                        : Chapter 11
                                                             :
                                                             : Case No. 14-10932 (PJW)
Quantason, LLC,                                              :
                                                             :
         Debtor.                                             : Re: D.I. 3 & 29
                                                             :
------------------------------------------------------------x

**ORDER (A) APPROVING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) SCHEDULING THE RELATED AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE; (C) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND <u>(E) GRANTING RELATED RELIEF</u>**

This matter coming before the Court on the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for the entry of an order pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "<u>Bankruptcy Rules</u>"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") (I)(A) approving procedures in connection with the sale of substantially all of the Debtor's assets; (B) scheduling the related auction and hearing to consider approval of sale; (C) approving procedures related to the assumption of certain executory contracts and unexpired leases; (D) approving the form and manner of notice thereof; and (E) granting related relief; and (II)(A) authorizing the sale of substantially all of the Debtor's assets pursuant to the successful

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

bidder's asset purchase agreement free and clear of liens, claims, encumbrances, and other interests; (B) approving the assumption and assignment of certain executory contracts and unexpired leases related thereto; and (C) granting related relief; the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and good and sufficient cause having been shown;

AND IT IS FURTHER FOUND AND DETERMINED THAT:

A.    The Debtor's proposed notice of the Bidding Procedures, the Cure Procedures, the Auction and the hearing to approve the sale of the Debtor's Assets (the "Sale Hearing") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

B.    The Bidding Procedures substantially in the form attached hereto as Exhibit 1 are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Purchased Assets.

C.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

D.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled except as reflected in the provisions of this Order.

3. The Bidding Procedures attached hereto as <u>Exhibit 1</u> are APPROVED.

4. The Bid Deadline shall be June 2, 2014 at 9:00 a.m. (prevailing Eastern Time).

5. The Debtor shall have the exclusive right to determine whether a bid is a Qualified Bid and shall notify Qualified Bidders whether their bids have been recognized as such as promptly as practicable after a Qualified Bidder delivers all of the materials required by the Bidding Procedures.

6. The Auction, if necessary, shall be held on June 9, 2014 at 10:00 a.m. (Pacific) at the offices of DLA Piper LLP (US), 550 South Hope Street, Suite 2300, Los Angeles, California 90071, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Auction.

7. At such Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale, and the Auction shall be conducted openly and transcribed.

8. The Debtor shall determine which offer is the highest and otherwise best offer for the Purchased Assets.

9. The Sale Hearing shall be held on June 16, 2014 at 3:30 p.m. (prevailing Eastern Time) before this Court, the U.S. Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, 6th Floor, Courtroom 2. Any objections to the Sale shall be filed and served so as to be received no later not later than June 11, 2014 at 4:00 p.m.

(prevailing Eastern Time) by: (i) counsel to the Debtor: DLA Piper LLP (US), 203 N. LaSalle Street, Suite 1900, Chicago, Illinois 60601 (Attn: Kim Newmarch, Esq. (kim.newmarch@dlapiper.com)), and 1201 N. Market Street, Suite 2100, Wilmington, DE 19801 (Attn: R. Craig Martin, Esq. (craig.martin@dlapiper.com)); (ii) counsel to Peter Seidel and Robert M. Snukal, Irell and Manella, LLP, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660 (Attn: Alan J. Friedman, Esq. (afriedman@irell.com)), and Reed Smith, LLP, 1201 N. Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Kurt F. Gwynne, Esq. (kgwynne@reedsmith.com)); and (iii) the Office of the United States Trustee: US Trustee, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware, 19899-0035 (Fax: 302-573-6497) (Attn: Mark Kenney, Esq.) (mark.kenney@usdoj.gov) (collectively, the Notice Parties).

10. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and the Debtor, shall have the exclusive right, in the exercise of its fiduciary obligations and business judgment, to cancel the Sale at any time subject to the terms of this Order.

11. The following forms of notice are approved: (a) Notice of Sale Procedures, Auction Date and Sale Hearing, in the form substantially similar to that attached hereto as Exhibit 4 (the "Procedures Notice") and (b) the Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May Be Assumed and Assigned (the "Cure Notice"), in the form substantially similar to that attached hereto as Exhibit 5.

12. The Debtor shall, within two (2) business days after the entry of this Order, serve this Order by first class mail, postage prepaid on (a) the US Trustee, (b) any parties requesting notices in these cases pursuant to Bankruptcy Rule 2002 and (c) all Potential Bidders.

13. The Debtor shall serve the Motion and the Cure Notice upon each counterparty to the Assumed Executory Contracts or their counsel (if known), by no later than May 19, 2014. The Cure Notice shall state the date, time and place of the Sale Hearing as well as the date by which any objection to the assumption and assignment of Assumed Executory Contracts must be filed and served. The Cure Notice also will identify the amounts, if any, that the Debtor believes are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts").

14. If any counterparty to an Assumed Executory Contract objects for any reason to the assumption and assignment of an Assumed Executory Contract (an "Assumption Objection"), such counterparty must file and serve such Assumption Objection so as to be received by the Notice Parties by no later than (the "Assumption Objection Deadline"): (i) 4:00 p.m. (prevailing Eastern Time) on June 2, 2014, provided, however, that any counterparty may file and serve an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to the Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract up to the time of the Sale Hearing, or raise it at the Sale Hearing; or (ii) the date otherwise specified in the Cure Notice (or, alternatively, the date set forth in the motion to assume such Assumed Executory Contract if such contract is to be assumed and assigned after the Sale Hearing). The Court will make any and all determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to sections 365(b) and (f)(2) of the Bankruptcy Code at the Sale Hearing.

15. If a Contract or Lease is assumed and assigned pursuant to Court order, then except for Disputed Cure Amounts (as defined herein), the Assumed Executory Contract counterparty shall receive no later than three (3) business days following the closing of the Sale,

the Cure Amount, if any, as set forth in the Cure Notice. To the extent the Assumed Executory Contract counterparty wishes to object to the Cure Amount, if any, set forth in the Cure Notice, its Assumption Objection must set forth with specificity each and every asserted default in any executory contract or unexpired lease and the monetary cure amount asserted by such counterparty to the extent it differs from the amount, if any, specified by the Debtor in the Cure Notice.

16. In the event that the Debtor and the non-debtor party cannot resolve the Cure Amount, the Debtor shall segregate any disputed Cure Amounts ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties. Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing. Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of that set forth in the Cure Notice.

17. Except to the extent otherwise provided in the Successful Bidder's Purchase Agreement, the Debtor and the Debtor's estate shall be relieved of all liability accruing or arising after the assumption and assignment of the Assumed Executory Contracts pursuant to section 365(k) of the Bankruptcy Code.

18. Upon Closing of the Sale, the proceeds of the Sale shall be paid by the Successful Bidder to the Debtor.

19. To the extent the provisions of this Order are inconsistent with the provisions of any Exhibit referenced herein or with the Motion, the provisions of this Order shall control.

20. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

Dated: April 30, 2014
Wilmington, Delaware

Peter J. Walsh
United States Bankruptcy Judge