**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------x
                                          :

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Quantason, LLC | : Case No. 14-10932 (PJW) |
| | : |
| Debtor. | : **Hearing Date: T.B.D.** |
| | : **Obj. Deadline: T.B.D.** |

------------------------------------------------------------------x

**MOTION OF THE DEBTOR FOR AN ORDER CONVERTING THIS CASE**
**FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE**

Quantason, LLC (the "Debtor"), by and through its undersigned attorneys, hereby submits this motion (the "Motion") for entry of an order converting the above-captioned chapter 11 case (the "Chapter 11 Case") to a case under chapter 7 of the Bankruptcy Code. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over the Debtor, its estates, and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested in this Motion are section 1112(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1017(f)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

2.      The Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code on April 23, 2013 as a small business debtor.

3.      The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in this case.

4.      The Debtor is a technology company focused on developing, licensing and commercializing products utilizing its proprietary Image-based Dynamic Ultrasound Spectrography ("IDUS™") platform technology and systems for breast cancer screening and prevention.

5.      As a product development stage technology device company, the Debtor currently has no products approved for sale in any jurisdiction.  Thus, throughout its brief history of operations, it has unsurprisingly incurred significant operating losses as it incurred costs associated with developing its technology.

6.      On April 23, 2014, Debtor filed the *Motion of the Debtor and Debtor in Possession Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code for an Order (I)(A) Approving Procedures in Connection with the Sale of Substantially All of the Debtor's Assets; (B) Scheduling the Related Auction and Hearing to Consider Approval of Sale; (C) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief; and (II)(A) Authorizing the Sale of Substantially All of the Debtor's Assets Pursuant to the Successful Bidder's Asset Purchase Agreement Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief* (the "Bidding Procedures Motion")[1] [D.I. 31].

---

[1]      All capitalized terms used, but not otherwise defined herein shall have the meanings ascribed in the Bidding Procedures Motion.

WEST\248389377.2

7.      Pursuant to the bidding procedures approved by this Court, the deadline for submitting bids was June 2, 2014 at 5:00 p.m. (Eastern Time).

8.      While the Debtor received several qualified bids prior to the bid deadline, the highest bid it received was $50,000.00.  As this amount was insufficient to pay the administrative expenses that had thus far accrued in the Chapter 11 case, the Debtor and its professionals made attempts to have one or more of the bidders increase its bid.  Despite these attempts, the Debtor was not able to receive any higher bids.  Further, the Debtor has only approximately $12,000 remaining in its bank account.  Thus, the Debtor has insufficient funds to pay the administrative expenses associated with the Chapter 11 case and has become administratively insolvent.

9.      Accordingly, the Debtor has determined that the best interests of its creditors will be served by converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy code, because a chapter 7 trustee will be better positioned to distribute any remaining assets to creditors, while simultaneously reducing the costs involved in the liquidation of the Debtor's chapter 11 estate.

## RELIEF REQUESTED

10.      The Debtor hereby requests that the Court enter an order, substantially in the form attached as Exhibit A, converting this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

## BASIS FOR RELIEF

10.      Section 1112(a) of the Bankruptcy Code allows a debtor to convert its bankruptcy case from chapter 11 to chapter 7, unless one of the following three exceptions applies: (a) the debtor is not a debtor in possession; (b) the case was originally commenced as an involuntary

case; or (c) the case was converted to a case under the current chapter upon the request of a party other than the debtor.  *See* 11 U.S.C. § 1112(a).

11.     Case law and commentators confirm that Section 1112(a) of the Bankruptcy Code provides Debtors with an absolute right to convert to chapter 7, unless one of the enumerated exceptions applies.  See, e.g. In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987)("[Section 1112(a)], by its terms, gives the debtor an absolute right to convert, unless the case is governed by one of the enumerated exceptions."); see also 7 COLLIER ON BANKRUPTCY ¶ 1112.02 (16th ed. 2012)("Section 1112(a) appears to give the debtor an absolute right to convert a chapter 11 case to a case under chapter 7, provided that three limited exceptions do not apply.").

12.     Here, none of the exceptions set forth in Section 1112(a) would prohibit the Debtor's right to convert, because: (i) the Debtor continues to operate as a debtor in possession; (ii) the Debtor commenced this proceeding voluntarily; and (iii) there have not been any prior conversions of this proceeding at the request of any party.

13.     Moreover, though not required, cause exists to convert the Chapter 11 Case to a proceeding under chapter 7.  The Debtor currently has insufficient remaining assets to continue to fund its operations as a debtor in possession.

14.     Accordingly, converting the Chapter 11 Case to Chapter 7 will reduce the costs of further administration of the assets and provide a chapter 7 trustee with the opportunity to liquidate the Debtor's assets and make a distribution pursuant to the priorities set forth in the Bankruptcy Code.

4

**NOTICE**

15.     Notice of this Motion shall be provided to the following:  (a) the Office of the United States Trustee for the District of Delaware; (b) all creditors listed in the Debtor's schedules of assets and liabilities; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order, substantially in the form attached as Exhibit A, (i) granting the relief requested by this Motion and (ii) granting such other and further relief as the Court may find just and equitable.


Dated:  June 6, 2014            Respectfully submitted,
        Wilmington, Delaware

                                 /s/ *R. Craig Martin*
                                R. Craig Martin (5032)
                                Daniel N. Brogan (5723)
                                DLA PIPER LLP (US)
                                1201 North Market Street, Suite 2100
                                Wilmington, Delaware 19801
                                Telephone:  (302) 468-5700
                                Facsimile:  (302) 394-2341
                                Email:  craig.martin@dlapiper.com
                                        daniel.brogan@dlapiper.com

                                   -and-

                                Kimberly D. Newmarch (DE 4340)
                                DLA PIPER LLP (US)
                                203 N. LaSalle Street, Suite 1900
                                Chicago, Illinois 60601
                                Telephone:  (312) 368-4000
                                Facsimile:  (312) 236-7516
                                Email:   kim.newmarch@dlapiper.com


                                ATTORNEYS FOR DEBTOR
                                AND DEBTOR IN POSSESSION